# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-1620V

* * * * * * * * * * * * * * * * * * * * * * * * *

NICHOLAS DELANEY *and*
KRYSTAL DELANEY, *as parents*
*And guardians of C.M.D.*,

         Petitioners,

         v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

         Respondent.

Chief Special Master Corcoran

Filed:  December 3, 2024

* * * * * * * * * * * * * * * * * * * * * * * * *

*Kathleen M. Loucks*, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.

*Bridget Corridon*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On July 27, 2021, Nicholas and Krystal Delaney, on behalf of their minor child, C.M.D., filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petitioners allege that C.M.D. suffered chronic immune thrombocytopenia purpura ("ITP") as a result of his July 27, 2018, receipt of the diphtheria-tetanus-acellular-pertussis ("DTaP"), Hepatitis B ("Hep B"), inactivated poliovirus ("IPV"), and/or pneumococcal conjugate ("PCV-13") vaccines. Moreover, Petitioners allege that C.M.D. experienced residual effects of this condition for more than six months.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that C.M.D.'s alleged ITP or its residual effects were caused-in-fact by the DTaP, Hep B, IPV, and/or PCV-13 vaccines. Respondent also denies that the DTaP, Hep B, IPV, and/or PCV-13 vaccines caused C.M.D. to suffer any other injury or her current condition. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on December 3, 2024) that the issues before them could be settled, and that a decision should be entered awarding Petitioners compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $50,000.00 in the form of a check payable to Petitioners as guardians/conservators of C.M.D.'s estate; and

- A lump sum of $1,658.19 in the form of a check payable to Petitioners.

Stipulation ¶ 8. These amounts represent compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| NICHOLAS AND KRYSTAL DELANEY, *as parents and guardians of C.M.D.,* | ) ) ) | |
| Petitioner, | ) ) | No. 21-1620V Chief Special Master Corcoran |
| v. | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Nicholas and Krystal Delaney ("petitioners"), on behalf of C.M.D., a minor child, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to C.M.D.'s receipt of the diphtheria-tetanus-acellular pertussis ("DTaP"), Hepatitis B ("Hep B"), inactivated poliovirus ("IPV"), and/or pneumococcal conjugate ("PCV-13") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. C.M.D. received the vaccines on or about July 27, 2018.

3. The vaccinations were administered within the United States.

4. Petitioners allege that C.M.D. suffered chronic immune thrombocytopenia purpura ("ITP") that was caused-in-fact by the DTaP, Hep B, IPV, and/or PCV-13 vaccines. Petitioners further allege that C.M.D. experienced the residual effects of this condition for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on C.M.D.'s behalf as a result of C.M.D.'s condition.

6. Respondent denies that C.M.D.'s alleged ITP or its residual effects were caused-in-fact by the DTaP, Hep B, IPV, and/or PCV-13 vaccines; and denies that the DTaP, Hep B, IPV, and/or PCV-13 vaccines caused C.M.D. any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $50,000.00 in the form of a check payable to petitioners as guardians/conservators of C.M.D.'s estate; and,

    b.    A lump sum of $1,658.19 in the form of a check payable to petitioners.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

2

10. Petitioners and petitioners' attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for C.M.D.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. Petitioners represent that petitioners presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of C.M.D.'s estate under the laws of the State of Minnesota. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of C.M.D.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of C.M.D.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of the

3

estate of C.M.D., upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, and as legal representatives of C.M.D., on behalf of petitioners, C.M.D., and C.M.D.'s heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of C.M.D. resulting from, or alleged to have resulted from, the DTaP, Hep B, IPV, and/or PCV-13 vaccines administered on or about July 27, 2018, as alleged by petitioners in a petition for vaccine compensation filed on or about July 27, 2021, in the United States Court of Federal Claims as petition No. 21-1620V.

15. If C.M.D. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

4

as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, Hep B, IPV, and/or PCV-13 vaccines caused C.M.D.'s alleged injury, or any other injury, or C.M.D.'s current condition.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of C.M.D.

**END OF STIPULATION**

**PETITIONERS:**

NICHOLAS DELANEY

KRYSTAL DELANEY

**ATTORNEY OF RECORD FOR PETITIONER:**

KATHLEEN M. LOUCKS, ESQ.
Lommen Abdo, P.A.
920 Second Ave. South
Suite 1000
Minneapolis, MN 55402
Tel: (612) 336-9348
E-mail: kloucks@lommen.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.10.23
11:04:26 -04'00'
for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

Dated: 12/3/2024

**ATTORNEY OF RECORD FOR RESPONDENT:**

BRIDGET A. CORRIDON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-4117
E-mail: Bridget.Corridon@usdoj.gov