# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1620V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| NICHOLAS DELANEY & | * | |
| KRYSTAL DELANEY | * | |
| *as parents and guardians of C.M.D.*, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: February 18, 2025 |
| v. | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Kathleen M. Loucks*, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.

*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On July 27, 2021, Nicholas and Krystal Delaney, on behalf of their minor child, C.M.D., filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that C.M.D. suffered chronic immune thrombocytopenia purpura as a result of his receipt of three covered vaccines on July 27, 2018. The matter went to hearing in March 2024, but the parties successfully settled the claim before entitlement was decided. Stipulation, dated December 3, 2024 (ECF No. 73).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

Petitioners have now filed a motion for a final award of attorney's fees and costs. Motion, dated Jan. 14, 2025 (ECF No. 81) ("Fees Mot."). Petitioners request a total of $248,789.92, reflecting the work and costs incurred by three firms, plus legal fees incurred directly by Petitioners. Fees Mot. at 5. Attorney's fees are requested by three firms: $90,278.90 in fees incurred for the services of the attorneys at the Lommen Abdo firm, $15,812.40 in fees incurred for the services of Ms. Amber Wilson from the Wilson Science Law firm, and $80,092.00 for fees incurred for the services of the attorneys at the Maglio Christopher & Toale ("mctlaw") firm. *Id.* at 1. Attorney's costs are also requested by two firms: $53,809.61 for the Lommen Abdo firm, and $5,686.51 for the mctlaw firm. *Id.* Petitioners also request a check in the amount of $3,110.50 for direct reimbursement of the fees and costs necessary for the guardianship procedure. *Id.* at 4. Respondent reacted to the final fees request on January 27, 2025. Response, dated Jan. 27, 2025 (ECF No. 83) ("Response"). Respondent agrees that Petitioners have satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2, 5. Petitioners did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding a total amount of **$248,789.92** ($245,679.42 in attorney's fees and costs plus $3,110.50 in Petitioners' direct legal fees).

I.      Calculation of Award – General Legal Guidelines

Because Petitioners' claim was successful, they are entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*Lommen Abdo*

Petitioners request the following rates for their attorney and support staff at Lommen Abdo based on the years work was performed:

| **Attorney** | **2020** | **2021** | **2022** | **2023** | **2024** | **2025** |
|---|---|---|---|---|---|---|
| **Ms. Kathleen Loucks** | $362.00 | $365.00 | $427.00 | $450.00 | $475.00 | $495.00 |
| **Ms. Esther Novak (Paralegal)** | $137.00 | $139.00 | — | — | — | — |
| **Ms. Jody Thorsett (Paralegal)** | — | — | $153.00 | — | — | — |
| **Ms. Danielle M. Dehnke (Paralegal)** | — | — | $153.00 | — | — | — |
| **Ms. Katie R. Kvilhaug (Paralegal)** | — | — | $153.00 | $161.00 | $175.00 | $185.00 |

Final Fees Mot. at 7-8; 12-52.

Ms. Loucks practices in Minneapolis, Minnesota—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid forum rates as established in *Halbrook v. Sec'y of Health & Hum. Servs.*, No. 19-1572V, 2021 WL 1193541, at *3 (Fed. Cl. Spec. Mstr. Mar. 9, 2021). The rates requested for Ms. Loucks and her paralegals for work completed through the end of 2024 are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[3] *Anderson v. Sec'y of Health & Hum. Servs.*, No. 18-484V, 2024 WL 4010530, at *2 (Fed. Cl. Spec. Mstr. Aug. 5, 2024). I also find Ms. Loucks' 2025 rates reasonable and within the OSM fee schedule. Thus, I will award Ms. Loucks her requested 2025 rate of $495.00 per hour, and her requested 2025 paralegal rate of $185.00 per hour. I find no cause to reduce the requested fees in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

---

[3] OSM Attorney's Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited Feb. 18, 2025).

*Maglio Christopher & Toale (mctlaw)*

For counsel and support staff at mctlaw, Petitioners request the following rates based on the years work was performed:

| Attorney | 2023 | 2024 |
|---|---|---|
| **Ms. Ann Toale (Attorney)** | $535.00 | $570.00 |
| **Ms. Danielle Strait (Attorney)** | $450.00 | __ |
| **Ms. Diana Stadelnikas (Attorney)** | __ | $560.00 |
| **Mr. Vincent Antinori (Paralegal)** | $180.00 | $190.00 |

Final Fees Motion at 126.

The mctlaw attorneys participating in this case practice in Washington, D.C.—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the forum rates established in *McCulloch*. *See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129, at *2 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). The rates requested are consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule. *Goettl v. Sec'y of Health & Hum. Servs.*, No. 21-1644V, 2024 WL 2892844, at *2 (Fed. Cl. Spec. Mstr. May 14, 2024); *Huerta v. Sec'y of Health & Hum. Servs.*, No. 21-2100V, 2024 WL 1859820, at *3 (Fed. Cl. Spec. Mstr. Apr. 4, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

*Wilson Science Law Firm*

For their former counsel, Ms. Amber Wilson, Petitioners request the following rates based on the years work was performed:

| Attorney | 2023 | 2024 |
|---|---|---|
| **Ms. Amber Wilson** | $454.00 | $479.00 |

Final Fees Motion at 116-17.

Ms. Wilson practices in Washington, D.C.—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid forum rates as established in *McCulloch*. *See Stuart v. Sec'y of Health & Hum. Servs.*, No. 16-940V, 2022 WL 176145, at *4 (Fed. Cl. Spec. Mstr. Jan.

5, 2022). The rates requested for Ms. Wilson are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule. *Munoz v. Sec'y of Health & Hum. Servs.*, No. 21-1369V, 2024 WL 2730966, at *3 (Fed. Cl. Spec. Mstr. May 1, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that the requested litigation costs were reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $53,809.61 in outstanding costs incurred by the attorneys at the Lommen Abdo firm, including the filing fee, medical record retrieval costs, mailing costs, costs associated with travel and the hearing, Westlaw research costs, and costs associated with the work of two experts – Colin Sieff, M.D. and M. Eric Gershwin, M.D. Fees Mot. at 1, 9. Dr. Sieff prepared one written report and submitted a single invoice in the amount of $4,800.00 (12 hours of work billed at $400 per hour). *Id.* 66. Dr. Gershwin prepared two written reports and testified on behalf of Petitioner at the entitlement hearing. *Id.* at 2. He submitted five invoices reflecting a total amount of $38,500.00 (77 hours of work billed at $500 per hour plus an $5000 retainer fee). *Id.* at 67-69, 73-75, 81. Petitioner also hired a life care planner, Ms. Linda Graham, to assist with addressing Petitioner's future out-of-pocket costs for medication. *Id.* at 4. Ms. Graham worked for 7.5 hours at $250 per hour for a total of $1,875. *Id.* at 105. All of these costs are reasonable and will be awarded without adjustment.

Petitioners also seek $5,686.51 in outstanding costs incurred by their former counsel at mctlaw, including costs associated with travel and the hearing and Westlaw research costs. Fees Mot. at 127. This sum is reasonable, and I do not find any reason to make reductions.

Finally, the parties' stipulation required Petitioner to personally obtain a guardian. Fees Mot. at 4. The fees and costs associated with this procedure amounted to $2,810.50 in fees, and $300 in costs. *Id.* Petitioners request a check for reimbursement of these fees and costs in the

amount of $3,110.50, directly. *Id.* This request is reasonable, and I do not find any reason to make reductions.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs in its entirety and award **$245,679.42** reflecting $186,183.30 in attorney's fees and $59,496.12 in costs to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement. I also award a check for **$3,110.50** made payable directly to Petitioners.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.